**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles Ray Carter, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2014-001060

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2015-UP-505
Submitted September 1, 2015 – Filed November 4, 2015

**AFFIRMED**

Charles Ray Carter, pro se.

Daniel John Crooks, III, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 1-23-610(B) (Supp. 2014) ("The court of appeals may . . . reverse or modify the [ALC's] decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory

authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."); *Olson v. S.C. Dep't of Health & Envtl. Control*, 379 S.C. 57, 69, 663 S.E.2d 497, 504 (Ct. App. 2008) ("To prevail on a claim of denial of due process, there must be a showing of substantial prejudice."); *James Acad. of Excellence v. Dorchester Cty. Sch. Dist. Two*, 376 S.C. 293, 299, 657 S.E.2d 469, 472 (2008) (recognizing the State may cure a procedural deprivation of due process by providing a subsequent procedural remedy); *State v. Bennett*, 375 S.C. 165, 173, 650 S.E.2d 490, 495 (Ct. App. 2007) ("While [CDR] codes were developed and are used to provide an administrative shortcut, they were never intended to replace statutory law."); *id.* ("Any errors in a CDR code do not affect the crime, its characterization as violent or non-violent, for example, or even if someone can be prosecuted for a crime."); *Tant v. S.C. Dep't of Corr.*, 408 S.C. 334, 346, 759 S.E.2d 398, 404 (2014) ("[T]he Department [of Corrections] is confined to an unambiguous sentencing sheet in determining an inmate's sentence, but may consider the sentencing transcript if the sheet is ambiguous.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.